# SUPREME COURT.

OLIVER C. CHANDLER agt. THE CITY OF FON DU LAC.

*Supplementary proceedings — Action against foreign corporation — order requiring third party indebted to or having property of such corporation to pay same to plaintiff on account of judgment — Corporation cannot object to order — Code of Procedure, sections 294–297.*

Where an order is made, under section 297 of the Code of Procedure, directing the payment by a third person of money belonging to the judgment debtor, the *latter* cannot be heard to object to such order.

In an action against a foreign corporation whose property is attached under the provisions of the Code, *which corporation does not appear therein,* an order may be made requiring a third party indebted to or having property of such corporation and attached in such action to pay the same to the plaintiff on account of such judgment.

*Special Term, January,* 1879.

MOTION to vacate order of special term, made under section 297 of the Code of Procedure, directing the Merchants' National Bank to pay to the plaintiff or his attorneys certain sums of money belonging to defendant, on deposit with said bank.

The action is brought to recover the sum of $1,400. The plaintiff in the action is not a resident of the state of New York, but resides in the state of Vermont. The summons was served upon the defendant, a foreign corporation, by publication, pursuant to an order obtained for that purpose. The defendant has not appeared herein, and judgment was entered in favor of the plaintiff on default of appearance on the 2d day of November, 1878, for the sum of $2,878.64 as appears

by the judgment roll filed on said day in the county clerk's office. On or about the 4th day of March, 1874, in a certain other action then pending in the supreme court, wherein the plaintiff herein was plaintiff, and the defendant herein was defendant, a warrant of attachment was issued and levied upon the sum of $1,580, moneys of this defendant then deposited in the hands of the Mechanics' National Bank.

In the last-mentioned action the plaintiff sought judgment against the defendant, for the sum of $2,059.20, this defendant appeared in said action, and answered, and for a long time past it has been upon the calendar awaiting trial, standing thereon as if generally reserved. On or about the 1st day of July, 1878, a warrant of attachment was issued in this action, and was levied by the sheriff upon all moneys or property of whatever description, the property of the defendant in the hands of the said Mechanics' National Bank. The only funds, property and moneys in the hands of the bank, at the time, belonging to defendant, was the sum of $1,580, so levied on under the first attachment, on or about the 4th day of March, 1874. On or about the 13th day of November, 1878, the sheriff served upon the bank a notice that the attachment in said action, commenced in 1874, had been that day withdrawn, and the levy on said moneys released. On 14th of November, 1878, upon an affidavit of plaintiff's attorneys, setting forth, among other things, the entry of the judgment herein, the filing and docketing of the judgment roll, and that an execution had been issued against the property of the defendant, which execution said sheriff then still held unreturned, and that the Mechanics' National Bank had property of the defendant, to wit, the sum of $1,580, on deposit to its credit, an order was made by hon. A. R. LAW-RENCE for the examination of the cashier of said bank. On such examination an order was made that the said Mechanics' National Bank forthwith pay to the plaintiff, or to his attorney, to be applied towards the satisfaction of the judgment theretofore rendered therein, the sum of $1,580, then on

deposit, to the credit óf this defendant, which were and are the same moneys which were attached under and in pursuance of said first warrant of attachment of March 4, 1874, and said other attachment issued on or about the 1st day of July, 1878.

*Fullerton, Knox & Crosby*, for defendant, *Chas. P. Crosby*, of counsel, appeared only for the purpose of the motion, cited *Schwinger* agt. *Hickok* (53 *N. Y.*, 280); *Bartlett* agt. *McNeill* ( 60 *N. Y.*, 53).

*Michael H. Cardozo*, for plaintiffs, cited sections 294 and 297 of the Code of Procedure; *McBride* agt. *The Farmers' Bank of Salem, Ohio* (28 *Barb.*, 476); *Miller* agt. *Adams*, (52 *N. Y.*, 409, 415, *affirming*, 7 *Lansing*, 131); *Gibson, Assignee*, agt. *Haggerty* (37 *N. Y.*, 555).

BARRETT, *J.* — The judgment was but *quasi in rem*. It was in form *in personam*, and its effect was simply to limit the execution. There was no good reason why, as against the defendant, and for the limited amount, the judgment should not be enforced as to that extent *in personam* through section 294 of the Code of Procedure. It cannot complain so long as the order does not reach beyond the property attached. It was for the third person to object to the methods adopted, but they submitted to the jurisdiction.

Motion denied, with ten dollars costs, and stay vacated.